27577. ELLINGTON *et al. v.* INDUSTRIAL LOAN AND SECURITY COMPANY.

Decided June 1, 1939.

*Eugene Spradlin,* for plaintiffs in error.
*Woodruff & Ward, Douglas Dennis,* contra.

Sutton, J. This was a trover suit for certain household furniture. On the trial the plaintiff elected to take a money verdict for the value of the property with reasonable hire (or the rental value) of the same from the date of the conversion to the date of the trial. The judge, before whom the case was tried without a jury, rendered a verdict in favor of the plaintiff against the defendants for $250. Their motion for new trial was overruled, and they excepted.

The plaintiffs in error contend that the judgment was excessive under any view of the evidence. J. G. Arbery testified that in February, 1937, he made for the plaintiff a loan to the defendants of approximately $300, and took as security for the loan a bill of sale from the defendants to the plaintiff for the property sued for; that the defendants represented the property to be worth $400 at the time the loan was made; and that the amount of the debt at the time of the trial was $326.70. Mr. Swann testified for the plaintiff, that he was in the furniture business in Atlanta and had been for many years; that the property in question was stored with him at the time of the trial, and in his opinion it was worth about $90; and that the yearly rental value of the property was $120, or $10 per month. It appeared from the evidence that it was about 7½ months from the date of the demand for the property until the trial of the case. L. H. Ellington, one of the defendants, testified that the property in question was about ten years old, and that it would cost about $200 to replace the same with new furniture. This was all the evidence as to the value of the property and its rental value. It will be seen that the defendants represented to the agent of the plaintiff, when they obtained the loan in 1937, that the value of the property sued for, which they then put up as security for the loan, was $400. The judge had the right to consider this admission on the part of the defendants as to the value of the property, along

186

with the other evidence, in determining its value. The uncontradicted evidence showed that the rental value of the property for 7½ months was $75. One of the defendants testified that it would have cost $200, at the time of the conversion, to replace the property in question with new furniture. It is true that the value of the property, according to the opinion of Mr. Swann, was only $90. But we are of the opinion that from all of the evidence the judge was authorized to find that the value of the property at the date of the conversion, together with the rental value thereof from that date to the time of the trial, was $250. Therefore the judgment overruling the motion for new trial is

*Affirmed. Stephens, P. J., and Felton, J., concur.*